IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BYRON LANCE TYRONE, § <br> Petitioner, § <br> § <br> v. § <br> § Civil Action No. 4:08-CV-261-Y <br> NATHANIEL QUARTERMAN, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Byron Lance Tyrone, aka Byron Lance, TDCJ-ID #1068793, is currently confined in the Tarrant County jail pending criminal charges.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Tyrone's criminal history includes the following convictions in Tarrant County, Texas: (1)

a 1993 felony conviction for burglary of a building (Case No. 0507087D); (2) a 1993 felony conviction for burglary of a vehicle (Case No. 0506414D); (3) a 2004 felony conviction for theft (Case No. 0946181D); (4) a 2006 felony conviction for theft (Case No. 0981052D); and (4) a 2007 felony conviction for theft (Case No. 1054782D). (Resp't Answer, Exhibits A-D) Tyrone did not directly appeal the convictions or challenge the convictions by way of postconviction state habeas corpus. (*Id.*, Exhibit G) *See also* http://www.cca.courts.state.tx. Tyrone filed this federal petition for habeas relief on April 15, 2008.[1] As directed, Quarterman has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations, to which Tyrone replied.

D. ISSUES

Essentially, Tyrone claims that he was never convicted in 1993 of burglary of a building in Case No. 0507087 and that the state has used the conviction to obtain an indictment, enhance punishment, and/or convict him in Case Nos. 0946181D, 0981052D and 1054782D and his pending criminal charges, in violation of his constitutional rights. (Petition at 7-8)

E. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Tyrone asserts the Tarrant County District Attorney's Office engages in the notorious and infamous practice of "piling on" cases to obtain multiple convictions from one case. (Pet'r Reply at 2-3) He asserts that having exposed the practice and the fact that he is not the person convicted in the 1993 case, the state has responded with a cover-up. (*Id.* at 4) This so-called practice however did not impede Tyrone from filing a federal petition. Tyrone also asserts that he did not learn that he was not the person convicted in Case No. 0507087 until 2001, when his attorney showed him the "mug shot photo" in the case. (Pet'r Reply at 3) Thereafter, he asserts he brought the matter to the attention of the state courts by personal letter from 2004 through 2006. However, with due diligence, he could have determined the factual basis of his claim before or during his 1993 trial, at which he entered a negotiated plea of nolo contendere to the offense. (Resp't Answer, Exhibit A

3

at 2)

Instead, under subsection (1)(A), applicable to this case, the limitations period began to run on the date on which the 1993 judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Thus, to the extent Tyrone challenges his 1993 burglary conviction in Case No. 0507087, the judgment of conviction became final upon expiration of the time Tyrone had for filing a timely notice of appeal on December 17, 1993. Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Therefore, Tyrone had until April 24, 1997, to file a federal petition to challenge his 1993 conviction, absent any applicable tolling. *Flanagan*, 154 F.3d at 202.

Statutory tolling under subsection (d)(2) is inapplicable under the circumstances of this case nor has Tyrone asserted a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Equitable tolling of the statute of limitations is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Tyrone's claim of innocence does not justify equitable tolling of the limitations period or preclude dismissal of his petition as untimely. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Tyrone's federal petition was due on or before April 24, 1997; thus, his petition filed on April 15, 2008, is untimely.[2]

---

[2]Even if Tyrone's petition were timely, his claim would fail. First, Tyrone presents no evidence to prove his assertion that he is not the person convicted in the 1993 case. Second, once
(continued...)

## II. RECOMMENDATION

Tyrone's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed Findings, Conclusions, and Recommendation until November 17, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

---

²(...continued)
a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid and the defendant is without recourse. *See Daniels v. United States,* 532 U.S. 374, 382 (2001); *Lackawanna Co. Distr. Atty. v. Coss,* 532 U.S. 394, 402-03 (2001). If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. *Coss,* 532 U.S. at 403-04. Nevertheless, nothing in the record filed with the Court reflects that Tyrone's 1993 conviction was actually used for enhancement purposes in his prior cases or in his pending criminal case. (Resp't Answer at 3 n.1 & Exhibit F)

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 17, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 27, 2008.

    /s/  Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE